Deaderick, J.,
delivered the opinion of the Court,
Justice Turney and Chief Justice Nicholson dissenting.
C. C. Maydwell died in September, 1862, leaving an infant child, his only heir at law, and his widow,. Susan M., surviving him. Soon after the death of the father the child died, and the mother inherited: *572 from it real estate which had descended to the child from the father.
Susan M., the widow, on the 30th of March, 1866, conveyed the real estate in trust to Lewis Amis to •secure a debt due from her, and reserving to herself a life estate in the residue of the land, with remainder to her children, who were not the heirs at law of her deceased husband.
In May, 1867, the Administrator of C. C. Mayd-well filed his bill to subject the said real estate to the payment of his intestate’s debts, all the personal •estate having been exhausted.
The question raised upon the foregoing facts is, whether the creditors of the intestate are entitled to have so much of the real estate, descended to said infant child, and from it to its mother, applied to the satisfaction of their debts, as may be necessary for that purpose, or whether, the mother shall hold, discharged of all liabilities for the intestate’s debts.
It is insisted that by. the provision of Sec. 2256 of the Code, the land is discharged from liability for the debts having been aliened by the mother of the heir to the father before action brought, and that the only remedy of the creditor is the personal liability of the widow for the intestate’s debts to the value of the lands aliened. That Section is as follows: “And if an heir or devisee alien the land before action brought or process sued out, he shall 'be answerable for the ancestor’s debts to the value of the land aliened.”
This Section is found in ch. 2, art. 11, under the *573 bead of “Beal Aseets.” Sec. 2252 declares that “every debtor’s property, except such as may be specially exempt by law, is assets for the satisfaction of all just debts.”
Waiving for the present the attempt to reconcile these two apparently conflicting Sections, it is sufficient for the purposes of the present case to hold that See. 2256, does not apply to a case like the present. It is not the heir of the ancestor for whose debts it is sought to make the lands answerable that has aliened them, but the widow who claims title through her child, the child being the heir of the ancestor whose creditors seek to have their defendants paid by the-sale of the land.
To allow the voluntary conveyance, made in this case by the widow to a trustee for her own and her children’s benefit, to defeat the just claims of creditors of the intestate who owned the land at the time of his death, would be to sanction manifest injustice by means of a misinterpretation of the statute. The widow is not the heir or devisee of intestate, and can not, under the Section referred to, be held as such, answerable for his debts to the value of the lands aliened upon the principle that her alienation is valid, and the lands rightfully disposed of. She might be held liable upon other grounds, but her voluntary conveyance can not be held to have placed the land beyond the reach of the creditors of intestate. His lands are assets for the payment of his debts, and not having been aliened after his death by his heir or devisee, they are still answerable in the hands of *574 a voluntary grantee for bis debts. What effect upon the rights of creditors a conveyance before suit commenced by the heir of the intestate would have had, it is unnecessary to determine' in the present case.
The facts in this case do not present the case provided for in Sec. 2256 of the Code.
The Chancellor’s decree will be affirmed, and a decree will be entered here for the sale of so much 'of the land described in the Chancellor’s decree as may be sufficient to pay the debts ascertained to be due from intestate’s estate, and the costs of this cause in this court and the court below.